UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| THROUGH TRANSPORT MUTUAL INSURANCE ASSOCIATION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>COLONY INSURANCE COMPANY<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, Through Transport Mutual Insurance Association Limited ("TT Club") by its undersigned counsel, brings this action pursuant to 28 U.S.C. §2201 against Defendant, Colony Insurance Company ("Colony"), and in support thereof, alleges as follows:

**I.    NATURE OF THIS ACTION**

1. This insurance action arises out of a dispute between TT Club and Colony as to amounts due to fund the settlement of personal injury actions brought against the parties' mutual insured BNSF Logistics LLC ("BNSF"). On October 9, 2019, BNSF settled personal injury claims brought in the lawsuits *Leeper v. AJ Lines Inc. et al.*, 2:15-cv-414-TLS-JPK (N.D. Ind.) and *Watson v. AJ Lines Inc. et al.*, 2:17-cv-240-RL-APR (N.D. Ind.) (the "Underlying Actions") in which BNSF was a defendant. TT Club and Colony agreed, on an interim basis, to equally fund the settlement amount in excess of underlying insurance and any applicable deductibles, without prejudice to their rights to bring this action disputing their respective obligations to contribute to the settlement of the Underlying Actions.

2. Accordingly, TT Club brings this action against Colony seeking a declaratory judgment regarding the parties' respective obligations in connection with the settlement, and seeking contribution for all amounts that TT Club has paid and may pay in connection with the settlement of the Underlying Actions. TT Club asks this Court to declare that TT Club has no obligation to fund the settlement and that Colony is obligated to fund all settlement amounts due in excess of underlying insurance and any applicable deductibles.

## II. THE PARTIES

3. Plaintiff, Through Transport Mutual Insurance Association Limited, is a corporation organized and existing under the laws of Bermuda with its principal place of business located at Victoria Place, 5th Floor, 31 Victoria Street, Hamilton HM 10, Bermuda.

4. On information and belief, defendant, Colony Insurance Company, is an insurance company organized and existing under the laws of the State of Virginia with its principal place of business located at 9201 Forest Hill Avenue, Richmond, VA 23235. According to its website, Colony is an eligible surplus lines insurer in all 50 states including Arkansas.

## III. JURISDICTION AND VENUE

5. The subject matter jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This action also is brought pursuant to 28 U.S.C. §2201 seeking a declaration as to the rights and obligations of the parties.

7. This Court has personal jurisdiction over Colony by virtue of its business activities within the State of Arkansas including its eligibility as an Arkansas surplus lines insurer, the sale of insurance policies in Arkansas, and its handling of claims made by

policyholders located in Arkansas.  The subject of this civil action arises out of an insurance policy Colony sold in Arkansas and the claim of a policyholder based in Arkansas.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), in that a substantial part of the events or omissions giving rise to TT Club's claim occurred within this District.

## IV.     THE INSURANCE POLICIES

9. BNSF purchased from Colony Excess Liability Policy, Policy No. AR5461181 for the period October 9, 2014 through October 9, 2015, with limits of liability in the amount of $10,000,000 per occurrence and $10,000,000 in the aggregate (the "Colony Policy"), attached hereto as Ex. "A."  The Colony Policy expressly provides coverage in excess of a primary Automobile Policy issued by Federal Insurance Company ("Chubb").

10. The Colony Policy identifies the mailing address of BNSF as 4700 S. Thompson, Suite A202, Springdale, Arkansas 72764.  The Colony Policy was written as an Arkansas insurance policy, as indicated by the policy's Arkansas specific endorsements and BNSF's payment of the "Arkansas Premium."

11. BNSF purchased from TT Club Certificate of Insurance 21350 / 2014 / 001 for the period August 10, 2014 through August 9, 2015, with limits of liability in the amount $10,000,000 per accident and a deductible of $10,000 (the "TT Club Policy"), attached hereto as Ex. "B."

12. The TT Club Policy identifies the Assured as BNSF at 4700 S. Thompson, Building A, Springdale, Arkansas 72764.

**V.      COLONY'S REFUSAL TO FULLY FUND SETTLEMENT OF THE UNDERLYING ACTIONS**

13. On October 9, 2019, BNSF settled the Underlying Actions. TT Club and Colony agreed, on an interim basis, to equally fund the settlement amount in excess of underlying insurance and any applicable deductibles, without prejudice to their rights to dispute their respective obligations to provide payment for settlement of the Underlying Actions.

14. The Colony Policy provides coverage for the Underlying Actions. In the absence of other coverage, the TT Club Policy would provide coverage for claims such as the Underlying Actions. The TT Club Policy does not, however, provide coverage for the settlement of the Underlying Actions because BNSF's claim for coverage for the Underlying Actions is recoverable under the Colony Policy, which, after exhaustion of its scheduled underlying coverage in the amount of $1,000,000 provided by Chubb, provides an additional $10,000,000 of coverage to BNSF.

15. The TT Club Policy contains the following provision:

> Double Insurance
> If you are insured by us and by another insurer for the same risk, we will exclude any claim to the extent that it is recoverable from the other insurer, or would be recoverable except for a double insurance exclusion.
> Exhibit B, General Provisions ¶ 12.

16. The Double Insurance provision excludes coverage for any claim that is recoverable from another insurer. The Colony Policy provides coverage for the Underlying Actions and its limits are available to fund the settlement. Accordingly, the TT Club Policy does not provide coverage for the settlement of the Underlying Actions. Colony is therefore obligated, in accordance with the terms of the Colony Policy, to provide coverage for amounts due to the settlement in excess of underlying insurance and any applicable deductibles.

## COUNT ONE – DECLARATORY JUDGMENT

17.     TT Club hereby repeats and re-alleges each of the allegations contained in the preceding paragraphs as if the same were set forth herein.

18.     TT Club has an actual and present controversy with Colony regarding Colony's liability under the Colony Policy to pay settlement costs of the Underlying Actions.  It is therefore appropriate for this Court to declare the rights and obligations of the parties.

19.     This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.

20.     Under the circumstances, it is necessary and appropriate for the Court to declare Colony's obligations under the Colony Policy.  Declaratory relief from this Court will resolve outstanding issues between TT Club and Colony regarding liability to fund the settlement of the Underlying Actions.

## COUNT TWO – CONTRIBUTION

21.     TT Club hereby repeats and realleges each of the allegations contained in the preceding paragraphs as if the same were set forth herein.

22.     TT Club has agreed to pay and during the pendency of this action expects to actually pay sums in excess of $75,000 towards settlement of the Underlying Actions.

23.     To the extent TT Club actually makes payment, it demands contribution from Colony for all amounts expended by it together with costs, expenses, and attorneys fees incurred in this action.

WHEREFORE, TT Club requests:

That the Court enter a declaration pursuant to 28 U.S.C. §2201 that (i) Colony is obligated under the Colony Policy to fund the settlement of the Underlying Actions in excess of

underlying insurance and any applicable deductibles; (ii) TT Club has no obligation to fully fund the settlement of the Underlying Actions; and/or

That this Court enter a judgment in favor of TT Club against Colony Insurance Company for all sums it has paid or may pay in connection with settlement of the Underlying Actions, together with such other and further relief, which, to the Court, seems just and proper, including pre-judgment and post-judgment interest, fees, and costs.

Respectfully submitted,

/s/ David S. Mitchell, Jr.

Dated: October 10, 2019

David S. Mitchell, Jr., Ark. Bar No. 2010271
ROSE LAW FIRM,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
Phone: (501) 375-9131
Fax: (501) 375-1309
Email: dmitchell@roselawfirm.com

of counsel:
John D. Shugrue (*pro hac vice application pending*)
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606-7507
Tel: (312) 207-1000
Fax: (312) 207-6400
Email: JShugrue@ReedSmith.com

Elizabeth F. Vieyra (*pro hac vice application pending*)
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel.: (215) 851-8100
Fax: (215) 851-1420
Email: Evieyra@ReedSmith.com

*Counsel for Through Transport Mutual Insurance Association Limited*